IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CHERYLYN McALISTER and Husband, FRANKLIN D. McALISTER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:06-CV-176 |
| GATLINBURG ROADHOUSE INVESTORS, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the motion for summary judgment filed by defendant [doc. 21]. Plaintiffs have filed a response [doc. 27]. The court has determined that oral argument is unnecessary, and the motion is ripe for the court's consideration and determination.

Plaintiff [1] has brought suit for personal injuries she allegedly sustained in a fall at a restaurant operated by the defendant. Plaintiff contends that the defendant was negligent in allowing a dangerous condition to exist at the restaurant, peanut shells on the floor, which resulted in her falling and being injured. For the reasons stated herein, the motion will be denied.

---

[1] Unless otherwise designated, plaintiff refers to Cherylyn McAlister.

I.

*Background*

On May 20, 2005, plaintiff and her husband, Franklin McAlister,[2] and their friends Dorothy and Hubert Huffman went to dine at a Texas Roadhouse restaurant located in Gatlinburg, Tennessee. Plaintiff and Dorothy Huffman were seated upon entry to the restaurant while their husbands went to the restroom. They were seated at a booth that required a step up to the seats. After being seated a few minutes, both ladies decided to go to the restroom as well.

Dorothy Huffman was first to exit the booth on her side and observed the plaintiff as she exited her side of the booth. Just before she stepped down, the plaintiff slipped and fell backwards landing on the floor and on the step of the booth. She hit her right hip on the step and her head and right shoulder on the floor. There were peanut hulls on the back of plaintiff's clothes and hair after the fall.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[2] Franklin McAlister has made a claim for loss of consortium.

fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc*., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue

is so one-sided. *Id.* at 251-52.

III.

*Analysis*

Premises liability law in Tennessee provides:

> Owners or occupiers of business premises are not insurers of their customers' safety. However, because of their superior knowledge of the premises, premises owners have a duty to use reasonable care to protect their customers from unreasonable risks of harm. This duty includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired.

*Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W.3d 860, 864 (Tenn. Ct. App. 2001) (internal citations omitted). Further, to hold an owner or premises operator liable for negligence in permitting a dangerous or defective condition to exist on its premises, a plaintiff must demonstrate, in addition to the elements of negligence, that "1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citations omitted).

4

Defendant's basis for seeking summary judgment is that plaintiff's testimony is speculative as to causation and this bars her negligence claim. Defendant argues that plaintiff assumes she slipped on the peanut shells because they were "everywhere" but that she cannot specifically identify the cause of her fall. Plaintiff testified that the lighting was appropriate; she did not see peanut shells under the table when she walked to the booth; there were no liquids under or near the table; no one in her party consumed peanuts before the fall; and she did not feel peanut shells under her feet at any time. Defendant further relies in part on the following testimony from plaintiff's deposition:

> Q. And how is it that you know that, tell me each reason you know it was peanut shells?
>
> A. Because when I got up — when I raised up, I seen (sic) the peanut shells everywhere under the booth and on the floor.
>
> Q. You didn't look at the bottom of your shoe to check it for peanut shells, did you?
>
> A. No, I didn't look.
>
> Q. And you told me you didn't feel any peanut shells under your shoe?
>
> A. No.
>
> Q. So is there any reason that you believe that you slipped on peanut shells other than the fact that you saw them everywhere?
>
> A. Because I slipped. I wouldn't have slipped any other way.

This testimony does not warrant summary judgment for the defendant. Rather, it reinforces that there were peanut shells "everywhere" and that plaintiff affirmatively contends that she slipped on peanut shells. The facts regarding whether plaintiff saw peanut shells under the table or felt them under her feet do not eliminate plaintiff's negligence claim; rather, they comprise questions for cross examination and arguments to the jury.

The affidavits of Dorothy and Hubert Huffman also clearly raise material questions of fact for the jury concerning defendant's negligence concerning the peanut shells.[3] Dorothy Huffman stated that she saw the plaintiff fall and that the plaintiff had "peanut hulls all over the back of her clothes and hair." Mrs. Huffman also affirmatively stated that the cause of plaintiff's fall was "empty peanut hulls on top of the wooden floor underneath the booth." Hubert Huffman stated that when he returned to the table his wife was brushing peanut hulls from plaintiff's back and hair. This testimony demonstrates that there is sufficient evidence for a jury to consider whether defendant was negligent in permitting the empty peanut hulls on the floor and whether that was the proximate cause of plaintiff's fall. Thus, summary judgment is inappropriate.

---

[3] Defendant quotes extensively from the dissenting opinion in *Morris v. Wal-Mart Stores, Inc.*, 330 F.3d 854 (6th Cir. 2003) about not submitting negligence cases to the jury that contain "only a spark or glimmer of evidence." *Morris* involved the doctrine of res ipsa loquitur that is "intended to assist a plaintiff who has no direct evidence of a defendant's negligence." *Id.* at 858. The plaintiff in this case has not invoked res ipsa loquitur nor does she need to based on the evidence presently in the record.

Accordingly, for the reasons stated herein, defendant's motion for summary judgment will be denied. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge